FILED
98 DEC -1 AM 10: 43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

ROGER D. CHAPPELL,

    PLAINTIFF,

vs.                       CASE NO. CV 98-J-2519-J

JMIC LIFE INSURANCE
COMPANY,

    DEFENDANT.



ENTERED
DEC 1 1998

## MEMORANDUM OPINION

This case is a class action for fraud in which the plaintiffs allege that the defendant sold credit insurance through a car dealership where the defendant paid commissions to the dealership, which payments were withheld from plaintiffs' premiums without the knowledge of plaintiffs'.

This case came on to be heard on the court's November 30, 1998 motion docket on the plaintiff's motion to remand this action for lack of jurisdiction, and the defendant's responses thereto. The plaintiff alleges that this case does not involve any federal question and that the requirements for diversity jurisdiction under 28 U.S.C. section 1332 are not met as the amount in controversy does not exceed $75,000.00 (doc. 4). The defendant responded that under one of the defendant's theories, this matter does meet the requirements of 28 U.S.C. section 1332 and thus the case should not be remanded to state court.

The defendant relies heavily on the case of *Tapscott v. MS Dealer Service Corp.*, 77

6

F.3d 1353, 1355 (11thCir.1996), which states that the defendant bears the burden of proving the existence of federal jurisdiction. *Tapscott* quotes "were a plaintiff has specifically claimed less than the jurisdictional amount in state court, a defendant, to establish removal jurisdiction, must prove to a 'legal certainty' that the plaintiff would not recover less than $50,000 if she prevailed" citing *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1094 (11thCir.1994).[1] The facts before this court are clearly more akin to Burns than *Tapscott* as in *Tapscott* no specified claim for damages was made by plaintiffs. 77 F.3d at 1355. Additionally, the plaintiffs in *Tapscott* sued for punitive damages, which plaintiffs here specifically disclaim.

Defendant also cannot aggregate plaintiffs' claims to reach the jurisdictional requirement of 28 U.S.C. section 1332. In *Tapscott* the Court stated that claims for punitive damages may be aggregated in certain circumstances as the purpose of a punitive damages in a class action is to deter the action as a whole. *Tapscott*, 77 F.3d at 1358. However, in this case the Burns case is more applicable as no claim for punitive damages has been made. In fact, the plaintiffs' complaint specifically states that any claim for punitive damages is waived. See *Burns*, 321 F.3d at 1096 n.6. See also *Zahn v. International Paper*, 414 U.S. 291, 94 S.Ct. 505 (1973)("each plaintiff in a Rule 23(b)(3) class action must satisfy the

---

[1] The jurisdictional amount would now be $75,000 pursuant to the 1996 amendments to 28 U.S.C. section 1332. The plaintiffs here specifically claimed "only compensatory damages not to exceed $74,000.00 per class member. See plaintiffs' complaint at 3 and 4.

2

jurisdictional amount, and any plaintiff who does not must be dismissed from the case – 'one plaintiff may not ride in on another's coattails'" (citations omitted)).

Defendant alternately argues that the plaintiffs are actually suing for $148,00, by alleging that the individual counts of the complaint each end in an *ad damnum* clause for compensatory damages not to exceed $74,000.00 per class member. However, plaintiffs' complaint, based on a reading of the final page, clearly seeks $74,000.00 per class member.

Defendant further argues that the potential recovery of attorneys' fees can be aggregated to determine the amount in controversy. Plaintiff responded that any attorney fees will come from a common fund of the plaintiffs' recoveries and therefore cannot be added to the amount in controversy because any fees will come from the plaintiffs themselves and not the defendants. Hence, no controversy. Based on this, this court finds that the pleadings pending in this case are distinguishable from the current divide of the other judges of the Northern District of Alabama.

Unlike *Nelson v. Carnival Cruise Lines, Inc.*, CV 97-P-2513-W at 3 (N.D.Ala. March 9, 1998) (holding that "the analysis in Tapscott is equally applicable to attorneys' fees awards in class and multiple plaintiff actions") and *Culverson v. General Motors Acceptance Corp.*, CV 96-B-3331-J at 4 (N.D.Ala. Sept. 30, 1997)(holding that "an award of attorney fees in the present case would advance a 'common good'"), here the plaintiffs have not requested attorney fees and thus the court cannot attribute any dollar amount that may add to the amount in controversy. This court also notes that *Nelson* has since been dismissed on

3

a different basis and *Culverson* has been stayed pending and appeal on this issue.[2] Furthermore, other courts in this district have reached the opposite conclusion. See *Campbell v. GM*, 1998 WL 637334 at 28-29 (N.D.Ala. Sept. 8, 1998)("this court has previously rejected the reasoning in *Culverson* .... The Court continues to hold to that reasoning here .... A fee taken from the common-fund of class recovery is not a separate and distinct form of relief .... It is the plaintiff class ... that pays the common fund attorneys' fee. Because the defendant does not pay the fee, it is not part of the '"controversy'...").

Therefore based on a consideration of all of the above, this court **FINDS** that the above-entitled action was removed improvidently and that this court is without jurisdiction. Accordingly, plaintiff's motion to remand is hereby **GRANTED**. This action shall be **REMANDED** to the Circuit Court of Walker County from whence it was removed.

A review of the complaint in this action shows that neither federal question jurisdiction nor diversity of citizenship exists among the parties.

**DONE** this the ___30___ day of November, 1998.

Inge P. Johnson
United States District Judge

---

[2]This case is stayed pending the outcome of the appeal in *Davis v. Direct Merchant's*, CV 98-N-1060-W, (N.D.Ala. June 23, 1998) which held similarly to *Campbell v. G.M., infra*. That case in turn relied on *Horton v. Alliance Mortgage*, CV 98-AR-581-S (N.D.Ala. Apr. 28, 1998).